UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ANTOINE FULLER, SARAI FULLER,
EMMANUEL FULLER, & S.F.

    *Plaintiffs,*

    v.                                                                  Case No: 2:24-cv-1131

CITY OF MILWAUKEE, JUSTIN SCHWARZHUBER,
JOEL BANDKOWSKI, MEGAN BROADNAX,
JULIANA NAILEN, ALEXANDER DEY,
SETH EDWARDS, STEPHON ROBY,
ADAM RUSCH, CAMERON SCOTT,
ARNISHA THOMAS, ERIN TULLY, &
WYNALD WILLIAMSON,

    *Defendants.*

---

# COMPLAINT

---

Plaintiffs Antoine Fuller, Sarai Fuller, Emmanuel Fuller, and S.F., by their attorneys, Strang Bradley, LLC, for their complaint against Defendants City of Milwaukee, Justin Schwarzhuber, Joel Bandkowski, Megan Broadnax, Juliana Nailen, Alexander Dey, Seth Edwards, Stephon Roby, Adam Rusch, Cameron Scott, Arnisha Thomas, Erin Tully, and Wynald Williamson, state:

## INTRODUCTION

1. Defendant Milwaukee Police Department Officers used excessive force against Antoine Fuller when they pulled him out of his father's apartment and tased him.

2. Defendant Milwaukee Police Department Officers then, without reasonable suspicion, for hours illegally detained Antoine's children, Sarai, Emmanuel, and S.F., in

handcuffs and locked them in police vehicles even though they were compliant, were nonviolent, were only viewed as potential witnesses, and were children.

3. Defendant Milwaukee Police Department Officers also frisked and searched Sarai, Emmanuel, and S.R. without reasonable suspicion or reason to think they were armed and dangerous.

4. Sarai Fuller was 17 at the time, Emmanuel Fuller was 15, and S.F. was 12.

5. The City of Milwaukee Police Department has a policy of illegally searching and seizing witnesses in handcuffs for prolonged periods of time.

6. Plaintiffs bring this suit to vindicate their Fourth Amendment rights to be free from unreasonable searches and seizures.

**FACTS**

7. On the afternoon of September 6, 2021, Labor Day, Antoine Fuller and his three kids, Sarai Fuller, Emmanuel Fuller, and S.F., were up from Chicago visiting Antoine's father, Abraham Tate, in Milwaukee, WI.

8. Antoine had reconnected with Tate, who wasn't around when Antoine was growing up and had been in and out of prison.

9. Antoine wanted his kids to have a good relationship with their grandfather.

10. The Fullers were just up for the day. Antoine had to fly out of Chicago to Lincoln, Nebraska, the next morning to meet a client for work.

11. The family had gone out to eat and were back at Tate's apartment.

12. Tate went out to smoke a few times.

13. When he came back in, he had blood on his hands.

14. Tate mumbled something about self-defense to the family.

15. Tate had stabbed a man in the chest, killing him. *See State of Wisconsin v. Abraham Tate Jr.*, Milwaukee County Case No. 2021CF3879.

16. Antoine looked outside and saw a man lying motionless on the ground.

17. Antoine called 911. The dispatch operator gave Antoine directions to try to help the man, but he couldn't.

18. Antoine went back inside to be with his children.

19. Thirty minutes later, police and emergency responders arrived.

20. A heavily intoxicated woman mentioned something to an officer about gunshots and a person wearing a red shirt.

21. Antoine was wearing a red shirt that day.

22. There were no gunshots.

23. After talking to a few witnesses, several officers formed a group outside of Tate's apartment.

24. The group included Defendant Milwaukee Police Officers Alexander Dey, Seth Edwards, Stephon Roby, Cameron Scott, Wynald Williamson, and Sergeant Justin Schwarzhuber.

25. The officers called for everyone in the apartment to come out.

26. Antoine came out into the hallway.

27. The officers opened the door, a glass safety door, and kept yelling at Antoine to come out.

28. Antoine slowly approached the officers.

29. Edwards grabbed Antoine and pulled him into the group of officers.

30. The officers began yelling at Antoine to stop resisting as they all pulled him in different directions and yelled orders.

31. Antoine put his hands out to catch himself as he fell forward on the ground.

32. Antoine told the officers he wasn't resisting and was trying to roll over and give them his hands.

33. Roby then tased Antoine without warning.

34. Antoine cried in pain as the officers handcuffed him.

35. Meanwhile, Antoine's kids came out to the hall after they heard their dad scream in pain.

36. Officers pointed weapons at them.

37. The kids, Sarai, Emmanuel, and S.F. came out of Tate's apartment.

38. The officers handcuffed them.

39. Edwards and Bandkowski handcuffed Sarai.

40. Sarai asked why she was being handcuffed and was told she was being detained.

41. Edwards handcuffed S.F.

42. Edwards handcuffed Emmanuel.

43. Officers sat Antoine up, still handcuffed. He was treated for a cut on his forehead and brought to a police station for questioning.

44. After officers cleared Tate's apartment, Sarai, Emmanuel, and S.R. remained handcuffed for no reason.

45. Defendants Officers Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson saw that the kids were being detained in handcuffs for no reason.

46. Defendant Sergeant Schwarzhuber ordered officers to take the kids away in handcuffs and hold them in police vehicles.

47. Defendants Bandkowski and Broadnax brought S.F. to Broadnax's squad car, where he was detained in the backseat with handcuffs on behind his back.

48. Broadnax searched S.F.'s pockets before putting him in the back of the squad car.

49. S.F. was handcuffed in the back of the squad car for over 30 minutes.

50. He remained in the squad car for 1 hour and 45 minutes before he was released.

51. S.F. was detained without reasonable suspicion for over two hours.

52. S.F., who was 12 at the time, was separated from his father and siblings for much of that time.

53. Defendant Thomas pulled Emmanuel aside while he was sobbing.

54. She questioned Emmanuel and then walked him blocks away, where she locked him alone in the back of a paddy wagon while he was handcuffed behind his back.

55. Thomas searched Emmanuel's pockets before locking him in the paddywagon.

56. At some point, Emmanuel's handcuffs were taken off.

57. He was held in the back of the paddy wagon for 2 hours and 15 minutes.

5

58. Emmanuel was detained for over 2 hours and 30 minutes.

59. Emmanuel, who was 15 at the time, was separated from his father and siblings for much of that time.

60. Defendant Tully took Sarai in handcuffs away from Tate's apartment, down the street to a squad car.

61. Tully searched Sarai's pockets and took her phone.

62. Tully then placed Sarai in handcuffs in the back of her squad car.

63. Sarai was detained for over an hour.

64. All three of the kids were calm and compliant. They all gave their contact information when asked. They all answered preliminary questions.

65. And yet all three of the kids were detained in handcuffs in the backs of police vehicles to wait for detectives to talk to them.

66. After Rusch saw that the kids were handcuffed for no reason, he walked to an alley, where he talked with other officers near the victim's deceased body.

67. Rusch told an officer that the suspect was in handcuffs.

68. Another officer commented that there were a lot of children.

69. Rusch said that there were a lot of people in handcuffs and he didn't know why they were in handcuffs.

70. Rusch said that he didn't ask any questions because if he interjected himself he might have to do more paperwork.

71. Rusch made a few more comments and then realized he still had his body-camera on.

72. At one point, Williamson and Schwarzhuber debriefed detectives on scene.

73. One of the detectives asked whether the officers let the kids out of their handcuffs. An officer responded that he didn't know.

74. Neither Williamson nor Schwarzhuber took any steps to release the kids from their handcuffs, even though the detectives never said they wanted the kids handcuffed.

75. Antoine was interrogated at the police station.

76. He was released after the interrogation. No charges against him were ever filed.

77. Tate would later plead no contest to and be found guilty of homicide by negligent handling of a weapon.

78. Before Antoine left the station, Defendant Schwarzhuber talked to him about the investigation.

79. Antoine expressed concern that his kids had been detained and handcuffed.

80. Schwarzhuber explained, "It wasn't that we were trying to, you know, detain [the kids] illegally or for [a] long period of time. It's just that that's our protocol on how we do stuff. And then, once we figure out people aren't in custody or something, we release the handcuffs. . . And then once we were done with the interview, they were back in the house."

## JURISDICTION AND VENUE

81. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

82. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and the state law claim for indemnification under 28 U.S.C. § 1367.

83. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Milwaukee is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

**PARTIES**

84. Plaintiff Antoine Fuller is a resident of the State of Illinois.

85. Plaintiff Sarai Fuller is a resident of the State of Illinois.

86. Plaintiff Emmanuel Fuller is a resident of the State of Illinois.

87. Plaintiff S.F. is a resident of the State of Illinois.

88. Defendant City of Milwaukee is a political subdivision of the state of Wisconsin and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

89. Defendant Justin Schwarzhuber was, at the time this occurred, employed as a sergeant with the City of Milwaukee Police Department.

90. Defendant Schwarzhuber was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

91. Defendant Joel Bandkowski was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

92. Defendant Bandkowski was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

93. Defendant Megan Broadnax was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

94. Defendant Broadnax was acting within the scope of her employment with the City of Milwaukee Department when she interacted with the Fullers on September 6, 2021.

95. Defendant Juliana Nailen was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

96. Defendant Nailen was acting within the scope of her employment with the City of Milwaukee Department when she interacted with the Fullers on September 6, 2021.

97. Defendant Alexander Dey was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

98. Defendant Dey was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

99. Defendant Seth Edwards was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

100. Defendant Edwards was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

101. Defendant Stephon Roby was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

102. Defendant Roby was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

103. Defendant Adam Rusch was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

104. Defendant Rusch was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

105. Defendant Cameron Scott was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

106. Defendant Scott was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

107. Defendant Arnisha Thomas was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

108. Defendant Thomas was acting within the scope of her employment with the City of Milwaukee Department when she interacted with the Fullers on September 6, 2021.

109. Defendant Erin Tully was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

110. Defendant Tully was acting within the scope of her employment with the City of Milwaukee Department when she interacted with the Fullers on September 6, 2021.

111. Defendant Wynald Williamson was, at the time this occurred, employed as a police officer with the City of Milwaukee Police Department.

112. Defendant Williamson was acting within the scope of his employment with the City of Milwaukee Department when he interacted with the Fullers on September 6, 2021.

113. At all times relevant to this action, Defendants Schwarzhuber, Bandkowski, Broadnax, Nailen, Dey, Edwards, Roby, Rusch, Scott, Thomas, Tully, and Williamson were acting under the color of state law, ordinance, and regulation.

114. Defendants Schwarzhuber, Bandkowski, Broadnax, Nailen, Dey, Edwards, Roby, Rusch, Scott, Thomas, Tully, and Williamson are sued in their individual capacities.

115. Defendant City of Milwaukee is sued as an indemnitor under Wis. Stat. § 895.46(1)(a).

116. Defendant City of Milwaukee is also sued as a municipality entity.[1]

## Count 1:
### FOURTH AMENDMENT CLAIM FOR EXCESSIVE FORCE
### Antoine Fuller claim against Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber

117. Plaintiffs reallege the above paragraphs.

118. Defendants Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber violated Plaintiff Antoine Fuller's Fourth Amendment right to be from unreasonable seizure.

119. Defendants Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber used excessive force against Antoine Fuller when they pulled him out of his father's apartment, pulled him in different directions, gave him conflicting orders, and Roby tased him.

---

[1] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

120. Defendants Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber all either used excessive force on Antoine Fuller or failed to intervene in the use of excessive force against Antoine Fuller.

121. The aforementioned actions of Defendants Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber were the direct and proximate cause of the constitutional violations set forth above and Plaintiff Antoine Fuller's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber, and because they acted maliciously, wantonly, or oppressively, Plaintiffs demand punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiffs ask this Court to find that the City of Milwaukee is liable to defend this action against Dey, Edwards, Roby, Scott, Williamson, and Schwarzhuber and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

**Count 2:**
**FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEARCH AND SEIZURE**
**S.F. claim against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson**

122. Plaintiffs reallege the above paragraphs.

123. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson violated Plaintiff S.F.'s Fourth Amendment right to be from unreasonable search and seizure

124. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson unreasonably seized, failed to intervene in the unreasonable seizure, or unreasonably prolonged the suspicionless seizure of S.F.

125. Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson either arrested S.F. without probable cause or unreasonably detained him.

126. Broadnax illegally searched S.F.'s person without reasonable suspicion, probable cause, or reason to believe he was armed and dangerous.

127. The aforementioned actions of Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson were the direct and proximate cause of the constitutional violations set forth above and Plaintiff S.F.'s injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demands actual or compensatory damages against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson, and because they acted maliciously, wantonly, or oppressively, Plaintiffs demand punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiffs ask this Court to find that the City of Milwaukee is liable to defend this action against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

### Count 3:
#### FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEARCH AND SEIZURE
**Emmanuel Fuller claim against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas**

128. Plaintiffs reallege the above paragraphs.

129. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas violated Plaintiff Emmanuel Fuller's Fourth Amendment right to be from unreasonable search and seizure

130. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas unreasonably seized, failed to intervene in the unreasonable seizure, or unreasonably prolonged the suspicionless seizure of Emmanuel Fuller.

131. Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas either arrested Emmanuel Fuller without probable cause or unreasonably detained him.

132. Thomas illegally searched Emmanuel's person without reasonable suspicion, probable cause, or reason to believe he was armed and dangerous.

133. The aforementioned actions of Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas were the direct and proximate cause of the constitutional violations set forth above and Plaintiff Emmanuel Fuller's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demands actual or compensatory damages against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson and Thomas, and because they acted maliciously, wantonly, or oppressively, Plaintiffs demand punitive damages, plus the costs of this action, attorneys'

fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiffs ask this Court to find that the City of Milwaukee is liable to defend this action against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

**Count 4:**
**FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEARCH AND SEIZURE**
**Sarai Fuller claim against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson**

134. Plaintiff realleges the above paragraphs.

135. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson violated Plaintiff Sarai Fuller's Fourth Amendment right to be from unreasonable search and seizure

136. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson unreasonably seized, failed to intervene in the unreasonable seizure, or unreasonably prolonged the suspicionless seizure of Sarai Fuller.

137. Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson either arrested Sarai Fuller without probable cause or unreasonably detained her.

138. Tully illegally searched Sarai Fuller's person and seized her phone without reasonable suspicion, probable cause, or reason to believe she was armed and dangerous.

139. The aforementioned actions of Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson were the direct and proximate cause

of the constitutional violations set forth above and Plaintiff Sarai Fuller's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiffs demands actual or compensatory damages against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson, and because they acted maliciously, wantonly, or oppressively, Plaintiffs demand punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiffs ask this Court to find that the City of Milwaukee is liable to defend this action against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, and Williamson and is required to satisfy any judgment against their employees, by virtue of Wis. Stat. § 895.46.

**Count 5:**
***MONELL*[2] CLAIM FOR UNCONSTITUTIONAL POLICY OR FAILURE TO TRAIN, SUPERVISE, OR DISCIPLINE**
**S.F., Emmanuel Fuller, and Sarai Fuller claim against Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas**

140. Plaintiffs reallege the above facts.

141. Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas violated S.F., Emmanuel Fuller, and Sarai Fuller's Fourth Amendment rights by unreasonably searching and seizing them.

142. At the time, Defendant City of Milwaukee had a policy of allowing its police officers, including Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas, to search and seize people without reasonable suspicion,

---

[2] *See Monell*, 436 U.S. 658.

unnecessarily handcuff witnesses, detain witnesses for unreasonable lengths of time, and arrest witnesses without probable cause.

143. At the time, Defendant City of Milwaukee had a custom of allowing these unreasonable searches and seizures. The City of Milwaukee knew that its police officers were illegally searching and seizing witnesses and allowed the practice to continue.

144. The City of Milwaukee failed to adequately train, supervise, and discipline Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas.

145. The City of Milwaukee knew that it was highly predictable that Defendants Bandkowski, Broadnax, Dey, Edwards, Roby, Rusch, Scott, Tully, Williamson, and Thomas would continue to illegally search and seize witnesses.

146. The previously mentioned policies, customs, and failures in training, supervision, and discipline caused S.F., Emmanuel Fuller, and Sarai Fuller's constitutional injuries.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against the City of Milwaukee, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 5 September 2024,

17
Case 2:24-cv-01131-PP    Filed 09/05/24    Page 17 of 18    Document 1

STRANG BRADLEY, LLC
Attorneys for Plaintiffs

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com